UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 07-03367 |
| $60,725 IN U.S. CURRENCY, | : |
| Defendant, | : |
| GEORGE J. KIOUSSIS, | : |
| Claimant. | : |

## CLAIMANT'S ANSWER AND AFFIRMATIVE DEFENSES

Claimant, George J. Kioussis, by its undersigned attorney, answers the complaint for forfeiture in rem as follows:

1. The allegations in paragraphs 1, 2, 3, 4, and 5 are legal conclusions which require no response, but, in an abundance of caution they are denied.

2. Claimant admits the allegations in paragraph 6.

3. Claimant denies the allegations in paragraphs 7, 8, 9 and 10.

4. Claimant denies that the plaintiff is entitled to the relief requested in paragraph 11a, 11b and 11c.

1

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

5. Plaintiff has failed to state a cause of action upon which relief can be granted pursuant to Rule 12(b)(6) Federal Rules of Civil Procedure. There is no legal basis to seize the defendant property that was properly declared by the claimant and/or in which the claimant reasonably relied upon the instructions of U.S. Customs and Border Protection [Customs] to make the declaration.

### Second Affirmative Defense

6. The plaintiff's attempt to forfeit the entire defendant property is contrary to the Excessive Fines Clause of the Eighth Amendment. A violation of the Clause requires the Court to immediately remit the defendant property to the claimant. United States v. Hosep Krikor Bajakajian, 118 S. Ct. 2028 (1998).

### Third Affirmative Defense

7. The claimant is an innocent owner within the meaning of 18 U.S.C. §983(d)(1). As an innocent owner he is entitled to the immediate remission of the defendant property to his possession.

### Fourth Affirmative Defense

8. Customs management of this case has been arbitrary and unreasonable in violation of the Fifth Amendment of the United States Constitution. Claimant has been deprived of his due process of law rights as a result of the plaintiff's unreasonable referral of this matter to the U.S. Attorney's Office before the conclusion of the Administrative

petitioning process pursuant to 19 U.S.C. §1618.

9.    Customs filed its verified complaint for forfeiture in rem prior to expiration of the 30-day filing period in which to file a petition for relief with Houston Customs in Case Number: 2007-5309-000284. The claimant filed a petition for relief with Houston Customs on the 30th day which was never reviewed by Customs prior to referring this matter for litigation.

WHEREFORE, the claimant, George J. Kioussis, respectfully requests the Court to dismiss this cause of action; to order the immediate remission of the defendant property to the claimant; and, to award reasonable attorneys fees and other litigation costs pursuant to 28 U.S.C. §2465(b)1(A); and, to award pre-judgment interest pursuant to section 2465(b)(1)( C ).

Executed on: November 26, 2007.

Respectfully submitted,

By: /s/ Peter S. Herrick
Peter S. Herrick
Attorney for Claimant
Pro Hac Vice
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email: pherrick@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was filed with the Clerk of the Court using CM/ECF on November 26, 2007.

/s/ Peter S. Herrick
Peter S. Herrick