## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No.: 07-03367** |
| | : | |
| **$60,725 IN U.S. CURRENCY,** | : | |
| | : | |
| **Defendant,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **GEORGE J. KIOUSSIS,** | : | |
| | : | |
| **Claimant.** | : | |
| _____ | / | |

## CLAIMANT'S MOTION FOR SUMMARY JUDGMENT
## AND MEMORANDUM OF AUTHORITY

Claimant, George J. Kioussis ["Kioussis"], by and through his undersigned attorney, files this Motion for Summary Judgment pursuant to Rule 56, Federal Rules of Civil Procedure and Rule G(8)(e), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, and, states the following:

### MATERIAL FACTS FOR WHICH THERE IS NO GENUINE ISSUE

1.      On or about September 10, 2007, U. S. Customs and Border Protection ["Customs"] officers seized the defendant currency from Kioussis.

2.      Customs claimed the defendant currency was subject to seizure and forfeiture because the amount being transported by Kioussis was in excess of $10,000 and he failed to

report the transportation of this defendant currency to Customs.

3.     On or about October 12, 2007, undersigned counsel filed a timely petition for the return of the seized currency with Customs in Houston pursuant to 19 U.S.C. §1618.

4.     On or about October 12, 2007, Kioussis completed the Customs' Election of Proceedings form to have his case proceed administratively.

5.     Customs has Mitigation Guidelines which would have returned all but $5,000 of the defendant currency to Kioussis with a possible further reduction of 30% under these Guidelines.

6.     The United States Attorney's office for the plaintiff forced Customs to refer the seizure to its office without the consent of Customs or Kioussis for judicial forfeiture proceedings.

7.     Customs never had the opportunity to make a decision on Kioussis' petition.

8.     The plaintiff has never made a decision on Kioussis' petition.

9.     Kioussis is an innocent owner of the defendant currency within the meaning of 18 U.S.C. 983(d).

10.    Kioussis set forth the source and use of the defendant currency in his administrative petition.

11.    The U. S. Attorney's office in Houston declined to pursue criminal prosecution of Kioussis.

12.    No other person has made a claim for the defendant currency.

13.    Kioussis is not a drug dealer; tax evader; or, money launderer.

2

## MEMORANDUM OF AUTHORITY

Paragraphs 1-13 are realleged.

## I. THERE IS NO LEGAL BASIS TO FORFEIT THE DEFENDANT CURRENCY UNDER THE "BULK CASH" PROVISIONS

In support of our position that the defendant currency cannot be forfeited under the alleged "bulk cash" violation we refer the Court to the most cogent analysis of section 5332 in the post *Bajakajian* and section 983(g) era set forth in United States v. $293,316, 349 F. Supp. 2d 638, 642 (E.D. N.Y. 2004):

> "Section 5332(a) of title 31 of the United States Code provides that a currency smuggling offense is committed when a person, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $ 10,000 in currency and transports or attempts to transport that currency out of the United States. See 31 U.S.C.A. § 5332(a) (West 2003).
>
> The civil forfeiture provision in section 5332(c) reads:
>
>    (1) In general.--Any property involved in a violation of subsection (a), or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and . . . forfeited to the United States.
>
>    (2) Procedure.--The seizure and forfeiture shall be governed by the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.
>
>    (3) Treatment of certain property as involved in the offense.--For purposes of this subsection and subsection (b), any currency or monetary instrument that is concealed or intended to be concealed in violation of subsection (a) or a conspiracy to commit such violation, any article, container, or conveyance used, or intended to be used, to conceal or transport the currency or other monetary instrument, and any other property used, or intended to be used, to facilitate the offense, shall be considered property involved in the offense.
>
> 31 U.S.C.A. § 5332(c) (West 2003) (emphasis added).

3

Section 5332 of title 31 of the United States Code, also referred to as the bulk cash smuggling statute, was enacted in October 2001 as part of the USA Patriot Act. USA Patriot Act, Pub. L. 107-56, Tit. III, § 371, 115 Stat. 272, 336-38 (2001). Recognizing that smuggling a large quantity of cash is 'one of the most reliable warning signs of drug trafficking, terrorism, money laundering, racketeering, tax evasion and similar crimes,' H.R. 3162, 107th Cong., § 371(a)(3) (2001) (enacted), Congress stated that the purposes of section 5332 are:

  (1) to make the act of smuggling bulk cash itself a criminal offense;

  (2) to authorize forfeiture of any cash or instruments of the smuggling offense; and

  (3) to emphasize the seriousness of the act of bulk cash smuggling.

H.R. 3162, § 371 (b).

In enacting section 5332, Congress suggested dissatisfaction with limitations placed on forfeiture amounts by *United States v. Bajakajian*. A Congressional finding reads:

  The current penalties for violations of the currency reporting requirements are insufficient to provide a deterrent to the laundering of criminal proceeds. In particular, in cases where the only criminal violation under current law is a reporting offense, the law does not adequately provide for the confiscation of smuggled currency. In contrast, if the smuggling of bulk cash were itself an offense, the cash could be confiscated as the corpus delicti of the smuggling offense.

H.R. 3162, § 371(a)(6); see also Stefan D. Cassella, *Bulk Cash Smuggling and the Globalization of Crime: Overcoming Constitutional Challenges to Forfeiture under 31 U.S.C. § 5332*, 22 BERKELEY J. INT'L L. 98, 107 (2004) ('Picking up on the distinction between smuggling offenses and reporting violations in *Bajakajian*, Congress noted that as long as bulk cash smuggling was considered only a currency reporting offense, the penalties could not "adequately provide for the confiscation of smuggled currency."').

Section 5332 criminalizes the unreported transport of large quantities of currency rather than merely the failure to report such transport, as under section 5316. Imposition of civil forfeiture under section 5332(c) is predicated

4

on the commission of the crime of currency smuggling. See 31 U.S.C.A. § 5332(c)(1) ('Any property involved in a violation of subsection (a) . . . .' (emphasis added)). The procedures governing civil forfeitures under section 5332(c) are the same as those that govern money laundering cases. See 31 U.S.C.A. § 5332(c)(2) ('Pursuant to section 981(a)(1)(A) of title 18, United States Code'). These procedures are set out in section 983 of title 18 of the United States Code and are applicable to all federal civil forfeitures except those specifically enumerated. See 18 U.S.C.A. § 983(i) (West 2000 & Supp. 2004) (defining 'civil forfeiture statute' to include all but five enumerated statutes). Neither section 5332 of title 31 of the United States Code nor section 981 of title 18 of the United States Code are enumerated and thus the procedures set out in section 983 are applicable. See id. Section 983 includes an innocent owner defense. 18 U.S.C.A. § 983(d) (West 2000 & Supp. 2004).

The government argues that section 5332(c) of title 31 of the United States Code mandates civil forfeiture of all seized currency, without reduction. This argument is unconvincing. [This is the same allegation as in the instant case.]

The plain language of section 5332(c) belies the government's interpretation: the statute uses 'may' rather than 'shall'" See 31 U.S.C.A. § 5332(c)(1) ('Any property . . . may be seized and . . . forfeited . . . .' (emphasis added)). In contrast, the parallel criminal forfeiture provision uses 'shall' See 31 U.S.C.A. § 5332(b)(2) (West 2003) ('The court . . . shall order that the defendant forfeit . . . any property.' (emphasis added)). The text of section 5332(c) does not mandate civil forfeiture of the entire property seized.

Assuming arguendo that the statutory language is ambiguous, resort to the legislative history to discern the intent of Congress is unavailing. In the legislative history, Congress did not express a design to mandate, as opposed to permit, civil forfeiture of all property seized under section 5332. As Congress put it, a purpose of section 5332 is to 'authorize' forfeiture. H.R. 3162, § 371(b)(2).

Arguably, if section 5332(c) mandated complete civil forfeiture, such a provision would be invalid under Bajakajian. To avoid a constitutional issue the more benign view of the statute should be adopted. See, e.g., Muntaqim v. Coombe, 366 F.3d 102, 115 n.15 (2d Cir. 2004) (discussing constitutional avoidance canon as summarized in DeBartolo Corp. v. Florida Gulf Coast Bldg. & Constr. Trades Council, 485 U.S. 568, 575, 99 L. Ed. 2d 645, 108 S. Ct. 1392 (1988): 'Where an otherwise acceptable construction of a statute would raise serious constitutional problems, the Court will construe the statute

to avoid such problems unless such construction is plainly contrary to the intent of Congress.'). Cf. generally Sarah Newland, Note, *The Mercy of Scalia: Statutory Construction and the Rule of Lenity*, 29 HARV. C.R.-C.L. L. REV. 197 (1994).

Forfeiture of currency under section 5332(c) constitutes punishment because it is predicated on the crime of currency smuggling and cannot be imposed upon an innocent owner. See Bajakajian, 524 U.S. at 328; 18 U.S.C.A. § 983 (West 2000 & Supp. 2004). The argument that forfeiture under section 5332(c) does not constitute punishment is based on a misreading of Bajakajian. That case's holding that the forfeiture was punitive was not based on whether currency is considered an instrumentality. See 524 U.S. at 333 ('It is therefore irrelevant whether respondent's currency is an instrumentality; the forfeiture is punitive, and the test for the excessiveness of a punitive forfeiture involves solely a proportionality determination.' (emphasis added)). Nor is the punitive nature of forfeiture under section 5332(c) distinguishable from that of the forfeiture in Bajakajian because the former is a civil in rem proceeding or is predicated on a smuggling, rather than reporting, offense. See Austin, 509 U.S. at 621-22 (holding that a modern statutory fine is a 'fine' if it constitutes punishment even in part regardless of whether the  proceeding is in rem or in personam (emphasis added)). The remedial purpose(s) of section 5332(c), whatever they may be, does not detract from the conclusion that it constitutes punishment at least in part. See id.

Unlike the gold platter in United States v. An Antique Platter of Gold, 184 F.3d 131, 140 (2d Cir. 1999), the currency at issue is not 'classic contraband, an item imported into [or exported from] the United States in violation of law.' An *Antique Platter of Gold* involved false statements on customs forms regarding a gold platter's value and country of origin, which affected the imposition of customs duties and determination of whether the platter was stolen. Id. at 135-37. The false statements violated section 545 of title 18 of the United States Code, a customs law 'traditionally viewed as non-punitive,' id. at 140, and for which there is no innocent owner defense, id. at 138-39. Currency is not subject to any customs duties and its transport from (or into) the United States remains legal provided that the reporting requirements are met. Furthermore, section 5332(c) is subject to an  innocent owner defense unlike the statute at issue in An Antique Platter of Gold, confirming the former's punitive nature.

The amount of civil forfeiture in this case is subject to review under the Excessive Fines Clause. Whether complete forfeiture in this case is 'excessive'

is addressed in Part V, infra."

In another case interpreting section 5332, <u>United States of America v. One Hundred and Twenty Thousand Eight Hundred and Fifty Six Dollars</u>, 394 F. Supp. 2d 687 (V.I. 2005) [1] we find it is in lockstep with *$293,316.* At page 691 the court stated the following:

"Assessment of civil forfeiture under section 5332(c) is predicated on the commission of the crime of currency smuggling. See 31 U.S.C.A. § 5332(c)(1) ('Any property involved in a violation of subsection (a) . . . .' (emphasis added)); see also <u>United States v. $ 293,316, 2004 U.S. Dist. LEXIS 25611 at *10</u>. In Wray's case, however, there was no violation of section 5332(a). While the claimant was indicted for violating section 5332(a), a jury of his peers acquitted him of this violation. This procedural stature is unique. Because this section was enacted in October 2001, there are very few cases interpreting this statute and none that deal with whether someone acquitted under 5332(a) is still subject to the civil forfeiture penalties in 5332 (c). I look to interpretations of similar statutes for guidance.

The language of section 5532 (c) differs from the language of section 5317. Section 5332 specifically requires proof of two elements: the claimant must (1) act with the 'intent to evade a currency reporting requirement' and (2) 'knowingly conceal [] more than $ 10,000 in currency.' The statutory words of section 5317, on the other hand, only specify one element, namely, that the claimant acted with 'knowledge that he [was] transporting more than $ 10,000 out of or into the country.' I therefore interpret section 5332 (c) as requiring proof of both statutory elements. The only difference in proving the criminal violation of 5332 (a) and proving the civil forfeiture claim of 5332 (c) is the government's burden of proof. A section 5332(a) violation requires proof beyond a reasonable doubt, whereas the government may establish a forfeiture under section 5332(c) by a mere preponderance of the evidence.

Section 5332(c) requires proof of two elements and the claimant has not conceded either of those elements. The claimant only admitted at his criminal trial that he carried the currency into the United States. Not only did he did not concede at his criminal trial that he intended to evade the currency reporting, he specifically denied that he had intended to evade the currency reporting requirement. Nevertheless, the government has stated a viable claim for forfeiture section 5317 (c) against the claimant's $ 120,856, again subject to

_____

[1] Noteworthy: District Judge Thomas K. Moore is a classmate of Mr. Herrick's from Georgetown Law Center.

the Eighth Amendment restrictions."

Since the U. S. Attorney declined criminal prosecution of the claimant there is obviously no violation of section 5332(a). Without a violation of section 5332(a) there can be no civil forfeiture under section 5332(c).

## II. THE ATTEMPT BY THE PLAINTIFF TO FORFEIT ALL OF THE DEFENDANT CURRENCY IS IN VIOLATION OF THE EXCESSIVE FINES CLAUSE OF THE EIGHTH AMENDMENT OF THE U. S. CONSTITUTION

Whether the attempt by the plaintiff to forfeit the full amount of the defendant currency is to be determined by United States v. Bajakajian, 118 S. Ct. 2028 (1998) which has been codified at 18 U.S.C. §983(g) and the facts of the case. Bajakajian pleaded guilty to the failure to report his seized currency. He was fined $5,000 and three year's probation under the Sentencing Guidelines and $15,000 was forfeited but not challenged by Bajakajian. The Supreme Court found the full forfeiture of the seized $357,144 was excessive. His offense was merely a reporting offense. The reporting violation was unrelated to any other illegal activities such as drug dealing, money laundering or tax evasion. The court found that where the fine *viz.* full forfeiture of the $375,144, is grossly disproportional to the gravity of the offense, then it is excessive and in violation of the Eighth Amendment.

In the instant case criminal prosecution was declined. The plaintiff has not alleged the defendant currency was derived from any illegal activity. Section 983(g) provides Kioussis the opportunity to petition this Court to determine whether the plaintiff's attempt to forfeit all of the defendant currency is constitutionally excessive. "In making this determination, the court shall compare the forfeiture to the gravity of the offense giving rise to the forfeiture." 18 U.S.C. §983(g)(1)-(2). "If the court finds that the forfeiture is grossly

8

disproportional to the offense it shall reduce or eliminate the forfeiture as necessary to avoid a violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution." 18 U.S.C. §983(g)(4).

## III. THE FULL FORFEITURE OF THE DEFENDANT CURRENCY IS DISPROPORTIONAL TO KIOUSSIS' REPORTING OFFENSE

Kioussis offense was solely a reporting offense. The violation was unrelated to any other illegal activities. Kioussis does not fit into the class of persons for whom the statute was principally designed: money launderers, tax evaders and drug dealers. The failure to report the defendant currency only affected the government and it caused no loss to the public fisc.

The Supreme Court in *Bajakajian* relied heavily on the Sentencing Guidelines to determine proportionality. Although Bajakajian was prosecuted criminally, the court concluded that an amount of forfeiture of $15,000 rather than the full $357,144 was constitutionally permissible. The $15,000 that the court ordered forfeited is approximately 4% of the total seized. Further, $120,856, supra, the court relied on the Sentencing Guidelines in reducing the fine to $7,500 or 6.2% of the total.

Even though Kioussis was not subject to criminal prosecution, a review of the Sentencing Guidelines for a reporting violation indicates a Base Offense Level 6 [2S1.3(a)(2)]. Pursuant to 5E1.2 the maximum fine for level 6 is between $500 and $5,000. Furthermore, the Customs mitigation guidelines, for currency seizures between $40,001 and $70,000 requires a penalty of $5,000 with the possibility of mitigation factors, such as the

factors in this case, reducing this amount by 30%. Using the 4% figure from *Bajakajian* the maximum amount to be forfeited would be approximately $2,500.

WHEREFORE, Kioussis respectfully requests the Court to make a finding that the full forfeiture of the defendant currency is disproportional to his offense and thus excessive and in violation of the Excessive Fines Clause of the Eighth Amendment of the Constitution; and, that, the forfeiture of the defendant currency be eliminated or, reduced to an amount not to exceed $2,500.

Respectfully submitted,

By: /s/ Peter S. Herrick
Peter S. Herrick
Peter S. Herrick, P.A.
Attorney for Claimant
*Pro Hac Vice*
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email. pherrick@bellsouth.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above-described document was electronically filed and a copy mailed to Albert Ratliff, Esq., Assistant U. S. Attorney, attorney for the plaintiff, P. O. Box 61129, Houston, TX 77208  on December 28, 2007.

/s/ Peter S. Herrick
Peter S. Herrick