UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:07-cv-03367 |
| | § | |
| $60,725 IN U.S. CURRENCY, | § | |
| Defendant. | § | |

# UNITED STATES' RESPONSE IN OPPOSITION TO CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

United States opposes Claimant George J. Kioussis' motion for summary judgment.

*Claimant's Motion for Summary Judgment*

1. The claimant has moved for summary judgment on the following grounds:

   a. "Since the U.S. Attorney declined criminal prosecution of the claimant there is obviously no violation of section 5332(a). Without a violation of section 5332(a) there can be no civil forfeiture under section 5332(c)," and

   b. Forfeiture of all the funds would violate the Excessive Fines Clause of the Eighth Amendment of the U.S. Constitution.

These arguments are without merit.

*No Criminal Conviction Is Required for Civil Forfeiture*

2. A criminal prosecution of the Claimant is immaterial to civil forfeiture proceedings. The failure to prosecute has no effect on the United States' ability to pursue civil forfeiture. *Pimentel v. U.S. Drug Enforcement Admin.*, 99 F. Supp.2d 420, 433 (S.D.N.Y. 2000). Even an acquittal of the underlying criminal charges does not affect the United States' right to seek a civil forfeiture. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361-362 (1984) (acquittal on gun violation under 18 U.S.C. § 922 does not bar civil forfeiture under 18 U.S.C. § 982(d)); *One Lot Emerald Cut Stones v. United States*, 409 U.S. 232, 234-35 (1972) (acquittal on criminal smuggling charge does not bar later civil forfeiture).

*Forfeiture of the Full $60,725 Is Permissible under the Eighth Amendment*

3. In *United States v. Wallace*, 389 F.3d 483, 485, (5th Cir. 2004), the Fifth Circuit stated that if the value of the forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional. In this case, violations of 31 U.S.C. §§ 5316, Currency Violation Offense, and 31 U.S.C. § 5332, Bulk Cash Smuggling, are the basis for the forfeiture action. The statutory fine for each offense under 18 U.S.C. § 3571 is $250,000. Thus, the forfeiture of the full $60,725 would be presumed to be constitutional.

4. Accordingly, the Claimant's motion should be denied.

        Respectfully submitted,

        Donald J. DeGabrielle, Jr.
        United States Attorney

By:   /s/ Albert Ratliff
       Albert Ratliff
       Assistant United States Attorney
       Attorney-in-Charge
       NY Bar No. 1073907
       SDTX Bar No. 6764
       United States Attorney's Office
       P. O. Box 61129
       Houston, Texas  77208
       Office (713) 567-9579
       Fax (713) 718-3300

## CERTIFICATE OF SERVICE

Service on Peter S. Herrick, Claimant's attorney, will be automatically accomplished through the Notice of Electronic Filing.

        /s/ Albert Ratliff
        Albert Ratliff
        Assistant United States Attorney