UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 07-03367 |
| $60,725 IN U.S. CURRENCY, | : |
| Defendant, | : |
| v. | : |
| GEORGE J. KIOUSSIS, | : |
| Claimant. | : |

## CLAIMANT'S REPLY TO UNITED STATES' RESPONSE IN OPPOSITION TO CLAIMANT'S MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF AUTHORITY

Claimant, George J. Kioussis ["Kioussis"], by and through his undersigned attorney, Replies To United States' Response In Opposition To Claimant's Motion for Summary Judgment, and, states the following:

### RULE 56(e), FEDERAL RULES OF CIVIL PROCEDURE

Rule 56(e) provides:

> "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must - by affidavits or as otherwise provided in this rule - set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against the party."

1

The United States ["government"] in its opposition has provided no affidavits setting out specific facts showing a genuine issue for trial. Therefore, summary judgment should be entered against the government.

## INNOCENT OWNER

In his affirmative defenses and motion for summary judgment Kioussis insisted he is an innocent owner. This has not been refuted by the government. Pursuant to 18 U.S.C. §983(d) "(1) An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." Since Kioussis is an innocent owner the defendant currency cannot be forfeited and must be returned to Kioussis.

## CRIMINAL CONVICTIONS AND CIVIL FORFEITURES

Kioussis has not argued that there can be no civil forfeiture without a criminal conviction. It is a fact that the government declined to prosecute Kioussis criminally. It is a fact that because the government declined to criminally prosecute Kioussis for his reporting violation, the gravity of such violation is *de minimis*. In United States v. Bajakajian, 118 S. Ct. 2028 (1998) Bajakajiian pleaded guilty to a criminal count which would make his case more grievous than Kioussis'. Nevertheless, the court in *Bakajiian* returned 96% of the money seized to Bajakajiian.

## FORFEITURE OF THE $60,725 IS IMPERMISSIBLE UNDER THE EIGHTH AMENDMENT

The government cites to United States v. Wallace, 389 F. 3d 483 (5th Cir. 2004) to support its position that the defendant currency should be forfeited. Kioussis believes

reliance on this case is misplaced and misleading. Wallace pleaded guilty to one count of his criminal indictment. The *Wallace* court determined that since there was no applicable or analogous Sentencing Guideline for Wallace's offense; therefore, it turned to current legislative guidance as to the gravity of Wallace's offense.

In *Wallace* the court could have applied the $250,000 to determine if the forfeiture of a $30,000 aircraft was harsh. Instead it relied on the $15,000 maximum fine of the predecessor statute to determine the forfeiture was not disproportionate.

In fact the court in *Wallace* distinguished Bajakajiian situation from that of Wallace. At page 487 the court stated: "[n]ot only is the value of the forfeiture in the instant case smaller than that at issue in *Bajakajiian*, but we believe the gravity of the offense is greater." The same is true of Kioussis. The gravity of Wallace's offense is greater than Kioussis' (which is more akin to Bajakajiian) but the value of the forfeiture in *Wallace* is smaller than in Kioussis' case.

## **SUMMARY JUDGMENT FOR THE CLAIMANT**

Claimant is entitled to summary judgment. Reasons for this decision can be paraphrased from United States v. $32,000, 2007 U. S. Dist. LEXIS 31991 (USDC Dist. AZ 2007) *6:

> "Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, 'show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' Fed. R. Civ. P. 56(c). Summary judgment may be entered against a party who 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct.

> 2548, 91 L. Ed. 2d 265 (1986). After CAFRA, the Government bears the burden of proving that there is a substantial connection between the $ 32,000 and certain crimes. Construed liberally, and consistent with *Celotex*, Claimant's pro se motion for summary judgment expresses the belief that the factual record before the Court does not allow the Government to meet this burden."

The same is true for Kioussis. The factual record before this Court does not allow the government to meets it burden to forfeit the defendant currency. Such currency with interest must be refunded to Kioussis.

Respectfully submitted,

By: /s/ Peter S. Herrick
Peter S. Herrick
Peter S. Herrick, P.A.
Attorney for Claimant
*Pro Hac Vice*
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email. pherrick@bellsouth.net

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above-described document was electronically filed and a copy mailed to Albert Ratliff, Esq., Assistant U. S. Attorney, attorney for the plaintiff, P. O. Box 61129, Houston, TX 77208 on January 18, 2008..

/s/ Peter S. Herrick
Peter S. Herrick