UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>$60,725 IN U.S. CURRENCY,<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:07-cv-03367 |

**UNITED STATES' SUR-REPLY IN OPPOSITION TO
CLAIMANT'S REPLY TO UNITED STATES' RESPONSE IN
OPPOSITION TO CLAIMANT'S MOTION FOR SUMMARY JUDGMENT**

United States of America submits this sur-reply in opposition to Claimant's motion for summary judgment.

*Summary Judgment Burden of Proof*

1. In Claimant's reply (Doc.11) to the United States' response in opposition (Doc. 10) to Claimant's motion for summary judgment (Doc. 9), he argues that he is entitled to summary judgment as a matter of law because the United States did not submit an affidavit in its response. This argument is without merit.

2. The Claimant's summary judgment motion failed to carry his initial burden of proof. His motion was without any of the acceptable summary judgment evidence as required by Fed. R. Civ. P. 56(e), such as an affidavit, declaration, or deposition. It is well established that ". . . a party seeking summary judgment always bears the

initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Here the Claimant only submitted conclusionary statements. As stated by the United States Court of Appeals, Fifth Circuit, ". . . unsubstatitated assertions are not competent summary judgment evidence." *Forsyth V. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

    3.   Under Rule 56(e) "When a motion for summary judgment is made and **supported as provided in this rule**, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." (Emphasis added)  Because the Claimant's motion was not "supported as provided in this rule" the United States was not required to respond with summary judgment evidence. See *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 160 (1970) (where the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented.); *Catrett v. Johns-Manville Sales Corp.*, 756 F.2d 181, 184, 244 U.S.App.D.C. 160, 163 (D.C. Cir.,1985) (the

party opposing the motion for summary judgment bears the burden of responding only after the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact.).

### *Innocent Owner Affirmative Defense*

4. Although Claimant asserts that he is an innocent owner, he has not submitted any summary judgment evidence in support of this affirmative defense. Under 18 U.S.C. § 983(d) "An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence." The Claimant has not submitted any summary judgment evidence to meet this burden of proof. He has only offered assertions and conclusionary statements.

### *Criminal Conviction and Civil Forfeiture*

5. Claimant argues that his violation is *de minimis* because he is not facing a criminal prosecution. The Supreme Court has stated that an acquittal of the underlying criminal charges does not affect the United States' right to seek a civil forfeiture. *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361-362 (1984). Whether the claimant is facing criminal charges is immaterial to this civil forfeiture case.

### *Excessive Fines under the Eighth Amendment*

6. The standard for Excessive Fines under the Eighth Amendment is "gross disproportionality." *United States v. Bajakajian*, 524 U.S. 321, 336 (1998). In applying this standard, the district courts in the first instance must compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is grossly disproportional to the gravity of the defendant's offense, it is unconstitutional. *Id*. at 336-337. The question of whether a fine is constitutionally excessive calls for the application of a constitutional standard to the facts of a particular case. Id. at 337 fn. 10. As previously stated, the Claimant's motion contains no summary judgment evidence upon which the Court may apply a constitutional standard.

7. Because Claimant failed to present summary judgment evidence to support his motion for summary judgment, the United States respectfully request that the Court deny Claimant's motion.

        Respectfully submitted,

        Donald J. DeGabrielle, Jr.
        United States Attorney

By:  /s/ Albert Ratliff
      Albert Ratliff
      Assistant United States Attorney
      Attorney-in-Charge
      NY Bar No. 1073907
      SDTX Bar No. 6764
      United States Attorney's Office

P. O. Box 61129
Houston, Texas  77208
Office (713) 567-9579
Fax (713) 718-3300

**CERTIFICATE OF SERVICE**

Service on Peter S. Herrick, Claimant's attorney, will be accomplished through the Notice of Electronic Filing.

<u>/s/ Albert Ratliff</u>
Albert Ratliff
Assistant United States Attorney