IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. H-07-3367 |
| | } | |
| $60,725 IN U.S. CURRENCY, | } | |
| | } | |
| Defendant. | } | |

**OPINION & ORDER**

Pending before the court in this civil forfeiture *in rem* action is a motion for summary judgment filed by claimant George J. Kioussis ("Kioussis") (Doc. 9). The United States of America (the "Government") has filed a response in opposition (Doc. 10), and Kioussis has filed a reply (Doc. 11). The Government has filed a sur-reply in opposition to Kioussis' reply (Doc. 12). For the reasons explained below, the court DENIES the claimant's motion.

Pursuant to the civil forfeiture statutes of 31 U.S.C. §§ 5317(c)(2) and 5332(c), which allow for the civil forfeiture of any property involved in violations of 31 U.S.C. §§ 5316 and 5332(a) respectively, the Government filed a verified complaint for forfeiture *in rem* against defendant $60,725 in United States currency. Accordingly to the verified complaint, United States Customs and Border Protection officers seized the defendant currency from the claimant when he was leaving George Bush Intercontinental Airport in Houston, Texas on September 10, 2007. Kioussis was allegedly leaving the United States en-route to Athens, Greece, via Frankfurt, Germany on Lufthansa Flight 441 when he was selected by a Customs officer for an outbound customs examination. When asked, Kioussis denied that he was carrying more than $10,000 out of the United States. A secondary inspection revealed that Kioussis was carrying

1

approximately $60,725 in United States currency, allegedly in "bundles of cash in his waist area, pants pocket, carry on luggage, and checked luggage." (Pl.'s Compl. ¶ 8, Doc. 1). According to the Government, Kioussis told Special Agents in the Immigration and Customs Enforcement that he failed to declare the cash "because of safety and security reasons." (*Id.* ¶ 9). In its complaint, the Government seeks forfeiture of the full amount of defendant currency.

Kioussis filed the pending motion for summary judgment seeking to recover the defendant currency. According to Kioussis, the Government has declined to criminally prosecute him for the alleged violations of the currency reporting and bulk cash smuggling statutes. He claims that the lack of a criminal prosecution, coupled with his argument that forfeiture of the full $60,725 would violate the Excessive Fines Clause of the Eighth Amendment, entitles him to the full reimbursement of the seized defendant currency. He further claims that he is an "innocent owner" within the meaning of 18 U.S.C. § 983(d) and is, therefore, entitled to the return of his property. Kioussis provides no explanation for the source and use of the defendant currency.

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347,

349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

31 U.S.C. § 5316 requires, in relevant part, that a person file a currency report when the person knowingly "transports, is about to transport, or has transported, monetary instruments of more than $10,000 at one time . . . from a place in the United States to or through a place outside the United States."  31 U.S.C. § 5316(a)(1)(A).  The United States currency involved in a violation of 31 U.S.C. § 5316 is subject to civil forfeiture under 31 U.S.C. § 5317, which states that

> [a]ny property involved in a violation of section 5313, 5316, or 5324 of this title, or any conspiracy to commit any such violation, and any property traceable to any such violation or conspiracy, may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to section 981(a)(1)(A) of title 18, United States Code.

31 U.S.C. § 5317(c)(2).

31 U.S.C. § 5332(a), commonly referred to as the bulk cash smuggling statute, states that

> [w]hoever, with the intent to evade a currency reporting requirement under section 5316, knowingly conceals more than $10,000 in currency or other monetary instruments on the person

3

> of such individual or in any conveyance, article of luggage, merchandise, or other container, and transports or transfers or attempts to transport or transfer such currency or monetary instruments from a place within the United States to a place outside of the United States, or from a place outside the United States to a place within the United States, shall be guilty of a currency smuggling offense . . .

31 U.S.C. § 5332(a)(1). Violation of the bulk cash smuggling statute may result in civil forfeiture of the property involved in or traceable to the violation. 31 U.S.C. § 5332(c)(1) ("Any property involved in a violation of [31 U.S.C. § 5332(a)], or a conspiracy to commit such violation, and any property traceable to such violation or conspiracy, may be seized and forfeited to the United States."). The procedure for seizure and forfeiture under this statute is governed by the procedures applicable in money laundering cases under 18 U.S.C. § 981(a)(1)(A). 31 U.S.C. § 5332(c)(2).

In a civil forfeiture action such as this one, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture[.]" 18 U.S.C. § 983(c)(1).[1] To establish, by a preponderance of the evidence, that the property is subject to forfeiture, the Government may use evidence gathered after the filing of a complaint for forfeiture. 18 U.S.C. § 983(c)(2).

Here, the claimant has failed to meet his initial burden in demonstrating that there is no genuine issue as to any material fact. *See* Fed. R. Civ. P. 56(c); *Celotex*, 477 U.S. at 325. Indeed, he has not offered any summary judgment evidence at all. Further, on those claims in which Kioussis has the burden of proof, for example, the innocent owner defense under 18

---

[1] Prior to the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), 18 U.S.C. § 983(c), the Government need only establish probable cause that the defendant property was subject to forfeiture. *See United States v. $49,000 Currency*, 330 F.3d 371, 376 n.8 (5th Cir. 2003).

U.S.C. § 983(d),[2] he has failed to establish that no dispute of material fact exists regarding all of the essential elements of the defense to warrant judgment in his favor. *See Fontenot*, 780 F.2d at 1194. Finally, the factual record before the court is insufficiently developed to determine whether the full forfeiture of the $60,725 is in violation of the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.[3] Summary judgment, at this juncture, is premature. Accordingly, it is hereby

ORDERED that Claimant George J. Kioussis' motion for summary judgment (Doc. 9) is DENIED.

SIGNED at Houston, Texas, this 25th day of August, 2008.

                        MELINDA HARMON
                 UNITED STATES DISTRICT JUDGE

---

[2] Under the general rules of civil forfeiture, "[a]n innocent owner's interest in property shall not be forfeited under any civil forfeiture statute." 18 U.S.C. § 983(d)(1). The innocent owner defense is an affirmative defense, and the burden is on the claimant to prove that the claimant is an innocent owner by a preponderance of the evidence. *See id.*

[3] To the extent Kioussis argues that the lack of a criminal conviction under the currency reporting and bulk cash smuggling statutes bars a civil forfeiture proceeding, such argument is without merit. The Government's decision to decline criminal prosecution has no bearing on whether it may pursue a related civil forfeiture action. *See Pimentel v. United States Drug Enforcement Admin.*, 99 F. Supp. 2d 420, 432-33 (S.D.N.Y. 2000).