UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| v. | : Civil Action No.: 07-03367 |
| $60,725 IN U.S. CURRENCY, | : |
| Defendant, | : |
| v. | : |
| GEORGE J. KIOUSSIS, | : |
| Claimant. | : |

## CLAIMANT'S MOTION TO MITIGATE OR REMIT FORFEITURE

Claimant, George J. Kioussis, by and through his undersigned attorney, moves the Court pursuant to Rule G(8)(e), Supplemental Rules For Admiralty Or Maritime Claims and Asset Forfeiture Actions to make an excessive determination pursuant to 18 U.S.C. §983(g)(1).[1] We contend that the government's efforts to forfeit all of the defendant currency is constitutionally excessive under the Eighth Amendment and that the defendant currency plus lawful interest should be refunded to the claimant.

In support of this motion we are enclosing, as Exhibit A, Freedom of Information Act records obtained from Immigration and Customs Enforcement. These records detail the

---

[1] A similar petition on excessiveness was filed with the court as docket entry 17.

1

source and use of the defendant currency. We would also like to bring to the Court's attention that, according to recent news reports, the United States economy is in a recession. Claimant is also suffering his own recessions and urgently needs his money be refunded.

Respectfully submitted,

By: /s/ Peter S. Herrick
Peter S. Herrick
Peter S. Herrick, P.A.
Attorney for Claimant
*Pro Hac Vice*
3520 Crystal View Court
Miami, Florida 33133
Tel. 305-858-2332
Fax. 305-858-6347
Email. pherrick@bellsouth.net

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the above-described document was electronically filed and a copy mailed to Albert Ratliff, Esq., Assistant U. S. Attorney, attorney for the plaintiff, P. O. Box 61129, Houston, TX 77208 on December 5, 2008..

/s/ Peter S. Herrick
Peter S. Herrick

# EXHIBIT A

U.S. Immigration and Customs Enforcement
425 I Street, NW
Washington, DC 20536



## U.S. Immigration and Customs Enforcement

INVESTIGATIONS

# Facsimile Transmission

Date: 9/8/08

To: Peter Herrick

Fax: 305-858-6347

From: Janice Fletcher

Phone:
Fax: 202-616-7612

☐ Urgent  ☐ Action  ☐ Concurrence  ☐ FYI

Number of pages including cover: 8

Comments:

Response to Request
08-FOIA-307



*Office of Investigations*
U.S. Department of Homeland Security
4141 N. Sam Houston Parkway E.
Suite 300
Houston, Texas 77032

**U.S. Immigration and Customs Enforcement**

December 19, 2007

Mr. Peter Herrick
Peter S. Herrick, P.A.
3520 Crystal View Court
Miami, FL 33133

Re: 08-FOIA-307

Dear Mr. Herrick:

This is the final response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated October 11, 2007, and received by this office on November 02, 2007. You are seeking all records pertaining to your client George Kioussis.

A search of Special Agent in Charge, Houston office for documents responsive to your request produced a total of 7 pages. Of those pages, I have determined that 5 pages of the records are partially releasable, and no pages are withheld in their entirety pursuant to Title 5 U.S.C. § 552 FOIA Exemptions b2(low), b7(C), b7(E).

Enclosed are 5 pages with certain information withheld as described below.

**FOIA Exemption 2(low)** protects information applicable to internal administrative personnel matters to the extent that the information is of a relatively trivial nature and there is no public interest in the document.

**Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public

Addressee's Name
Page 2

interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

**Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I determined that disclosure of surveillance techniques could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

You have a right to appeal the above withholding determination. Should you wish to do so, you must send your appeal and a copy of this letter, within 60 days of the date of this letter, to: Associate General Counsel (General Law), U.S. Department of Homeland Security, Washington, D.C. 20528, following the procedures outlined in the DHS regulations at 6 C.F.R. § 5.9. Your envelope and letter should be marked "FOIA Appeal." Copies of the FOIA and DHS regulations are available at www.dhs.gov/foia.

Provisions of the FOIA [AND PRIVACY ACT] allow us to recover part of the cost of complying with your request. In this instance, because the cost is below the $14 minimum, there is no charge. 6 CFR § 5.11(d)(4).

If you need to contact our office again about this matter, please refer to 08-FOIA-307. This office can be reached at 281-985-0506.

Sincerely,

*[signature]*

Robert P. Rutt
Special Agent in Charge


Enclosure(s):     [Responsive Documents], [5] pages

www.ice.gov

OFFICIAL USE ONLY

| DEPARTMENT OF HOMELAND SECURITY ICE | TECS ACCESS CODE (b)(2) |
|---|---|
| REPORT OF INVESTIGATION | PAGE 1 |
| | CASE NUMBER (b)(2) |

| TITLE: GEORGE KIOUSSIS/SEIZURE OF $60,725 | | | |
|---|---|---|---|
| CASE STATUS: INTERIM RPT | | | |
| REPORT DATE 100407 | DATE ASSIGNED 091207 | PROGRAM CODE | REPORT NO. 002 |
| RELATED CASE NUMBERS: | | (b)(2) | |

COLLATERAL REQ:

TYPE OF REPORT:
OTHER INFORMATION

TOPIC: GEROGE KIOUSSIS (CIVIL JUDICIAL FORFEITURE ACCEPTED)

SYNOPSIS:
On September 10, 2007, Customs and Border Protection (CBP) Officers at Bush Intercontinental Airport in Houston, Texas, seized $60,725 in U.S. Currency from George KIOUSSIS, a Greek born Canadian foreign national, and a United States Legal Permanent Resident. The currency in KIOUSSIS' possession was discovered during an outbound enforcement operation on Lufthansa flight 441 to Frankfurt, Germany. KIOUSSIS, a resident of Post, Texas, was en route to Athens, Greece, via Frankfurt, Germany. KIOUSSIS initially declared $5,000 to CBP Officers, both verbally and in writing and signed a CBP form 503.

Secondary inspection resulted in the discovery of several bundles of currency concealed in KIOUSSIS waist area, front pants pocket, and within his carry on luggage. Assistant United States Attorney ▮▮▮▮▮▮▮▮ has been accepted this case for civil judicial forfeiture of the $60,725.

| DISTRIBUTION: SACHO | SIGNATURE: ▮▮▮▮▮▮▮ SENIOR SPEC AGENT |
|---|---|
| | APPROVED: ▮▮▮▮▮▮▮ SENIOR SPEC AGENT |
| | ORIGIN OFFICE: HQ HOUSTON, TX - SAC | TELEPHONE: ▮▮▮▮ |
| | | TYPIST: ▮▮▮ |

OFFICIAL USE ONLY

THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

TOTAL P.008

**(b) (7) (C)**

OFFICIAL USE ONLY

| DEPARTMENT OF HOMELAND SECURITY ICE | TECS ACCESS CODE **(b) (2)** |
|---|---|
| REPORT OF INVESTIGATION | PAGE 1 |
| | CASE NUMBER **(b) (2)** |

| TITLE: GEORGE KIOUSSIS/SEIZURE OF $60,725 |
|---|
| CASE STATUS:   INIT RPT |

| REPORT DATE 091707 | DATE ASSIGNED 091207 | PROGRAM CODE **(b)(2)** | REPORT NO. 001 |
|---|---|---|---|

RELATED CASE NUMBERS:

COLLATERAL REQ:

TYPE OF REPORT:
INVESTIGATIVE FINDINGS

TOPIC: SEIZURE OF $60,725 IN CURRENCY FROM GEORGE JON KIOUSSIS

SYNOPSIS:
On September 10, 2007, Customs and Border Protection (CBP) Officers at Bush Intercontinental Airport in Houston, Texas, seized $60,725 in U.S. Currency from George KIOUSSIS, a Greek born Canadian foreign national, and a United States Legal Permanent Resident. The currency in KIOUSSIS' possession was discovered during an outbound enforcement operation on Lufthansa flight 441 to Frankfurt, Germany. KIOUSSIS, a resident of Post, Texas, was en route to Athens, Greece, via Frankfurt, Germany. KIOUSSIS initially declared $5,000 to CBP Officers, both verbally and in writing and signed a CBP form 503.

Secondary inspection resulted in the discovery of several bundles of currency concealed in KIOUSSIS waist area, front pants pocket, and within his carry on luggage. KIOUSSIS was interviewed and stated the currency was money given to him by a friend, and savings from the past five years. **(b) (7) (E)**

| DISTRIBUTION: SACHO | SIGNATURE: ▬▬▬ SENIOR SPEC AGENT **(b) (7) (C)** |
|---|---|
| | APPROVED: ▬▬▬ OI GRP SUPERVISOR **(b) (7) (C)** |
| | ORIGIN OFFICE: HO HOUSTON, TX - SAC / TELEPHONE: **(b) (2)** / TYPIST: **(b) (7) (C)** |

OFFICIAL USE ONLY
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

O F F I C I A L   U S E   O N L Y

| DEPARTMENT OF HOMELAND SECURITY<br>ICE | PAGE  2 |
|---|---|
| R E P O R T   O F   I N V E S T I G A T I O N<br>C O N T I N U A T I O N | CASE NUMBER ▮▮▮▮▮▮ (b) (2) |
| | REPORT NUMBER: 001 |

DETAILS OF INVESTIGATION:

On September 10, 2007, Customs and Border Protection (CBP) Officers at Bush Intercontinental Airport (IAH) in Houston, Texas, conducted an outbound enforcement operation on Lufthansa Airlines flight 441 from IAH to Frankfurt, Germany. This operation took place at IAH Terminal D, Gate 11.

During the CBP outbound operation, passenger George KIOUSSIS, a Greek born Canadian foreign national, and United States legal permanent resident, was stopped by Customs and Border Protection Officer (CBPO) ▮▮▮▮ as he attempted to board Lufthansa flight 441. CBPO ▮▮▮ asked KIOUSSIS if he was transporting an excess of $10,000 or more, or it's equivalent in cash, checks, money orders, traveler checks or any other monetary instrument for himself or anyone else. KISOUSSIS responded "no" and declared $5,000 verbally and in writing on CBP form 503 provided by CBPO ▮▮▮. KIOUSSIS was referred to secondary for currency verification.

During secondary inspection of KIOUSSIS, CBPO ▮▮▮ noticed that the CBP form 503 had been changed to indicate $8,000. CBPO ▮▮▮▮▮ asked KIOUSSIS to place all the currency on the inspection table; KIOUSSIS produced a bundle of currency from his right front pant pocket. CBPO ▮▮▮▮▮ again asked KIOUSSIS if he was in possession of more currency, which KIOUSSIS stated he was not. CBPO ▮▮▮ asked KIOUSSIS if he was transporting currency on his person and if he had a money belt, KIOUSSIS once again stated "no". At this point CBPO ▮▮▮ noticed KIOUSSIS display signs of nervousness, his hands were shaking and KIOSSIS kept looking down avoiding eye contact.

CBPO ▮▮▮ checked subject's waist and felt a bundle. CPBO ▮▮▮ requested KIOUSSIS to remove the bundle from his waist, which produced a bundle of currency wrapped in clear cellophane. CBPO ▮▮▮ noticed another bundle on the right waste area of KIOUSSIS, which KIOUSSIS removed another bundle of currency wrapped in clear plastic. KIOUSSIS was asked to remove all currency from his person, which KIOUSSIS complied producing another bundle of currency from his left front pant pocket.

CBPO's conducted an initial count of $13,000 at this point the inspection was stopped and subject was escorted to CBP hard secondary located at Terminal "E". Subject's checked luggage was removed from the flight for further inspection.

In hard secondary KIOUSSIS' carry on luggage and checked luggage were inspected which produced additional currency. CBPO's verified all the currency discovered during the inspection of KIOUSSIS with a total count of $60,725. All the currency was seized and documented on CBP form 6051S #360527

O F F I C I A L   U S E   O N L Y
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

OFFICIAL USE ONLY

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE 3 |
|---|---|
| REPORT OF INVESTIGATION CONTINUATION | CASE NUMBER  (b)(7)(E) |
| | REPORT NUMBER: 001 |

and placed in evidence bag #0101121. The cellophane wrappings were seized and documented on CBP form 6051S #3605277.

In addition to the currency in his possession, KIOUSSIS was also in possession of two unendorsed cahier's checks issued by Wilson State Bank in the amounts of $2000, cashiers check serial #54217, and $2900, cashiers check serial #54232, made payable to George KIOUSIS. The unendorsed cashiers check in KIOUSSIS' possession, was not a negotiable instrument, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ and was not subject to seizure. ▇▇▇▇▇▇ (b)(7)(E)

Special Agents ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ interviewed KIOUSSIS. KIOUSSIS was read his Miranda Warnings, which he stated he understood and waived his right to legal counsel in writing. KIOUSSIS stated he currently resides at 123 North Avenue N, in Post, Texas, and he is the owner of George's Restaurant located at 202 South Broadway in Post, Texas, and George's located in Tahoka, Texas. KIOUSSIS stated that he has been in business for approximately twenty-seven (27) years. KIOUSSIS stated the currency in his possession was currency he saved over the past four (4) to five (5) years and some of the currency was given to him by ▇▇▇▇▇▇ his son ▇▇▇▇▇▇ and his wife. KIOUSSIS stated that ▇▇▇▇ gave him $3,000 to give to ▇▇▇▇ wife in Greece, ▇▇▇▇▇▇▇▇ (his son) gave him $9,000 and KIOUSSIS' wife gave him $7,000 for her brother in Greece. KIOUSSIS stated the rest of his currency belonged to him. (b)(7)(C)

KIOUSSIS stated he makes approximately $500 a week from his business. KIOUSSIS stated that his business located in Post, Texas, makes about $38,000 to $40,000 a month and claims to make approximately $12,000 a month from the restaurant located in Tahoka, Texas. KIOUSSIS stated that he employ's fourteen (14) people at the Post, Texas, restaurant and seven (7) at the Tahoka, Texas location.

KIOUSSIS stated he was traveling to Greece to visit and stay for approximately three (3) months. KIOUSSIS stated that the money that belonged to him was going to be used for expenses while in Greece. KIOUSSIS stated he did not declare the currency because of safety and security reasons.

KIOUSSIS was asked if he had ever been in trouble with law enforcement and stated that he pled guilty to possessing gambling machines (video games) approximately six (6) to seven (7) years ago.



(b)(7)(E)

OFFICIAL USE ONLY
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.

OFFICIAL USE ONLY

| DEPARTMENT OF HOMELAND SECURITY ICE | PAGE 4 |
|---|---|
| REPORT OF INVESTIGATION CONTINUATION | CASE NUMBER ▮ (b)(2) |
| | REPORT NUMBER: 001 |

▮ KIOUSSIS was released without incident. ▮ (b)(7)(E)

**STATUTORY VIOLATIONS:**

Title 31, United States Code, Section 5316 (Reports on Exporting and Importing Monetary Instruments), prohibits the knowing transporting of monetary instruments of more than $10,000 into or out of the United States, without declaring such monetary instruments to Customs. Under Title 31, United States Code, section 5322, this offense is punishable by up to five years imprisonment, and/or a fine of up to $250,000, with the possible additional prison time and/or fines under certain circumstances. In addition, under Title 31, United States Code, Section 5317, criminal and civil forfeiture of all property involved in the violation is authorized.

Title 31, United States Code, Section 5332 (Bulk Cash Smuggling) further prohibits the knowing concealment of more than $10,000 in currency or other monetary instruments while attempting to transport such currency and monetary instruments into or out of the United States, with the intent to evade a currency reporting requirement under 31 U.S.C. 5316. Under this section, the definition of concealment includes the concealment of currency on the person of any individual includes concealment in any article of clothing worn by the individual or in any luggage, backpack, or other container worn or carried by such individual. The offense is punishable by up to five years imprisonment, and all property involved in the offense is forfeitable.

OFFICIAL USE ONLY
THIS DOCUMENT IS LOANED TO YOU FOR OFFICIAL USE ONLY AND REMAINS THE PROPERTY OF THE DEPARTMENT OF HOMELAND SECURITY, ICE. ANY FURTHER REQUEST FOR DISCLOSURE OF THIS DOCUMENT OR INFORMATION CONTAINED HEREIN SHOULD BE REFERRED TO ICE HEADQUARTERS TOGETHER WITH A COPY OF THE DOCUMENT.