UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | } | |
| | } | |
| VS. | } | CIVIL ACTION NO. H-07-3367 |
| | } | |
| $60725 IN U.S CURRENCY | } | |

## ORDER

Pending before the Court is Claimant George J. Kioussis' ("Kioussis") "Motion to Mitigate or Remit Forfeiture" (Doc. 24) and the United States of America's (the "Government") response thereto.

Pursuant to the civil forfeiture statutes of 31 U.S.C. §§ 5317(c)(2) and 5332(c), which allow for the civil forfeiture of any property involved in violations of 31 U.S.C. §§ 5316 and 5332(a) respectively, the Government filed a verified complaint for forfeiture *in rem* against defendant $60,725 in United States currency. Accordingly to the verified complaint, United States Customs and Border Protection officers seized the defendant currency from the claimant when he was leaving George Bush Intercontinental Airport in Houston, Texas on September 10, 2007. Kioussis was allegedly leaving the United States en-route to Athens, Greece, via Frankfurt, Germany on Lufthansa Flight 441 when he was selected by a Customs officer for an outbound customs examination. When asked, Kioussis denied that he was carrying more than $10,000 out of the United States. A secondary inspection revealed that Kioussis was carrying approximately $60,725 in United States currency, allegedly in "bundles of cash in his waist area, pants pocket, carry on luggage, and checked luggage." (Pl.'s Compl. ¶ 8, Doc. 1). According to the Government, Kioussis told Special Agents in the Immigration and Customs Enforcement that

he failed to declare the cash "because of safety and security reasons." (*Id.* ¶ 9). In its complaint, the Government seeks forfeiture of the full amount of defendant currency.

Kioussis now brings a renewed argument that the forfeiture was constitutionally excessive. He therefore requests the Court to make an "excessive determination" under 18 USC § 938(g)(1). These arguments have already been raised on summary judgment (Doc. 9) and have been denied by the Court's August 26, 2008 Order. Thus, the Court construes the present motion as a motion to reconsider and because they raise no new evidence, no new legal arguments or any indication that a manifest error of the law occurred, the Court DENIES the motion.

SIGNED at Houston, Texas, this 3rd day of June, 2009.

*Melinda Harmon*
MELINDA HARMON
UNITED STATES DISTRICT JUDGE